UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUEEN'S PARK OVAL ASSET HOLDING TRUST c/o U.S. BANK TRUST NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH WENGER,<br><br>Defendant.<br>_____/ | Case No. 1: 14-cv-01188-JAM-BAM<br><br>**FINDINGS AND RECOMMENDATIONS TO REMAND CASE TO MADERA COUNTY SUPERIOR COURT** |

      Defendant Deborah Wenger ("Defendant"), proceeding pro se, removed this action from Madera County Superior Court on July 30, 2014. (Doc. 1.) The underlying complaint is an unlawful detainer action filed by Plaintiff Queen's Park Oval Asset Holding Trust c/o U.S. Bank Trust National Association ("Plaintiff") on May 14, 2014. *Id.* For the reasons stated below, the Court lacks subject matter jurisdiction over this unlawful detainer action, and therefore recommends this case be remanded to the Madera County Superior Court.

## I.    DISCUSSION

**A.    Legal Standard**

      28 U.S.C. § 1441(a) empowers a defendant to remove an action to federal court if the district court has original jurisdiction. *Catepillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). The removal statute provides:

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

A removing party must file a notice of removal of a civil action within 30 days of receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). Removal statutes are strictly construed with doubts resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden to prove propriety of removal. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683–685 (9th Cir.2006); *Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.2004) ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). A district court may remand an action to state court for lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. § 1447(c).

**B.     This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claims**

  **1.     Federal Question Jurisdiction**

Defendant alleges that removal is proper based on federal question jurisdiction. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." *Catepillar*, 482 U.S. at 392. To invoke federal question jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008).

The complaint states a single cause of action for unlawful detainer. Doc. 1, p. 10.  Claims for unlawful detainer arise under state law, not federal law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D.Cal.2011) ("Unlawful detainer actions are strictly the province of state court"); *Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at * 2 (C.D.Cal.2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is

purely a matter of state law"). Accordingly, Defendant has failed to show that removal is proper based on a federal question.

Defendant argues that removal is proper because she has challenged the complaint by alleging that the Notice to Occupants to Vacate Premises failed to comply with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220.[1] However, any purported federal law defense or counterclaim is insufficient to confer jurisdiction over Plaintiff's unlawful detainer action. *Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1075 (9th Cir.2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Thus, Defendant fails to invoke federal question jurisdiction despite her papers' reference to federal statutes.

**2.   Diversity Jurisdiction**

Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 553, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). In an unlawful detainer action, "the right to possession alone [is] involved-not title to the property." *Litton,* 2011 U.S. Dist. LEXIS 8081, at * 6–7, 2011 WL 204322.

Here, Plaintiff does not claim damages in excess of the jurisdictional amount. The Complaint for Unlawful Detainer states that the amount of damages claimed in the action does not exceed $10,000.00, and the relief requested is limited to restitution of the property. Doc. 1, p. 12, ¶ 11. As Plaintiff does not claim damages in excess of $75,000, Defendant has the burden of showing that more than $75,000 is in controversy. *Sanchez v. Monumental Life Ins.,* 102 F.3d 398, 403 (9th Cir. 1996) (A defendant "bears the burden of actually proving the facts to support jurisdiction, including the

---

[1] Defendant cites this statutory provision as "The Protecting Tenants at Foreclosure Act of 2009." In relevant part, 12 U.S.C. § 5220 is part of the Emergency Economic Stabilization Act and, more specifically, a subchapter entitled "Troubled Assets Relief Program." Additionally, while the court makes no determination on the issue, it is noted that federal district courts have held that the Protecting Tenants at Foreclosure Act does not create a federal private right of action. See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, 2010 U.S. Dist. LEXIS 105453, 2010 WL 3943584, at * 1 n. 3 (E.D.Cal. Oct.1, 2010).

jurisdictional amount.") Defendant does not allege the unlawful detainer complaint seeks amounts in excess of $75,000. Thus, defendant fails to establish diversity jurisdiction.

## II.  RECOMMENDATIONS AND ORDER

For the reasons discussed above, this Court lacks subject matter jurisdiction over this action, and Defendant has failed to show that removal is proper. Accordingly, this Court RECOMMENDS this case be REMANDED to the Madera County Superior.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 11, 2014**              /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE